IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENDA VICTORIA,

    Plaintiff,

v.

METROPOLITAN LIFE INS.,

    Defendant.

                               /

No. C 09-04179 CRB

**ORDER GRANTING MOTION TO REMAND**

Now pending is a motion to remand this case to state court. Because the complaint fails to present a federal question, and for the reasons stated at the motion hearing, the Court GRANTS the motion to remand.

**BACKGROUND**

Plaintiff Brenda Victoria was one of three beneficiaries listed in her father's Federal Employees' Group Life Insurance Policy, which was issued by Defendant MetLife. See Not. of Removal Ex. A. at 12 of 28. Pursuant to that policy, Plaintiff was to receive about $12,500 (one third of $37,400) upon her father's death. Id. at 13 of 28. He died in August 2007. Reply at 1. Plaintiff did not submit her claim for benefits within one year of his death, Opp. at 3, but claims that this is because MetLife failed to notify her that she was a beneficiary until after a year had passed, Reply at 2; see also Robertson Decl. Ex. C at 3 of 4, and 4 of 4 (letters from MetLife to Plaintiff regarding death benefits, dated September and December 2008).

Plaintiff brought suit against MetLife in state court, alleging that MetLife breached the implied covenant of good faith and fair dealing by failing to pay her $12,500 in death benefits. See Not. of Removal Ex. A. at 13 of 28. MetLife removed the case to this Court in September 2009, asserting that this Court has original jurisdiction under 5 U.S.C. § 8715 because Plaintiff is seeking Federal Employees' Group Life Insurance ("FEGLI") benefits, which are governed by the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701, et seq. Section 8705 of FEGLIA provides that FEGLI benefits are to be paid to beneficiaries in a specific order of preference, and that claims from beneficiaries must be made within one year of the death of the federal employee. See 5 U.S.C. § 8705(a) and (b).

Plaintiff now seeks a remand to state court, arguing that the Court does not have jurisdiction over her case because her "cause of action is undeniably a creature of California law, not federal law, and her right to relief does not depend on resolution of a substantial question of federal law." Mot. at 3.

**DISCUSSION**

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'aris[es] under' federal law . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assurance v. McVeigh, 547 U.S. 677, 690 (2006).

Because Plaintiff's cause of action for breach of the covenant of good faith and fair dealing clearly was not created by federal law,[1] the question in this case is whether her right to relief "necessarily depends on resolution of a substantial question of federal law." There are no bright lines for determining what constitutes a "substantial" federal question, but it is not enough that a court "may have to interpret federal laws." See Civil Procedure Before Trial (Rutter Group) at 2:108. Courts look to whether the state law claim necessarily raises a

---

[1] MetLife disputes this, arguing that "Plaintiff acknowledges in her Complaint that the FEGLI Policy was created, and is governed, by FEGLIA, a federal law." Opp.at 5. That does not mean, however, that FEGLIA created Plaintiff's cause of action for a state law tort.

2

federal issue (as to the validity, construction, or effect of a federal law), whether the federal issue is both contested and substantial ("indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum"), and whether federal jurisdiction would be "consistent with congressional judgment about the sound division of labor between state and federal courts." See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).

In Grable, 545 U.S. at 310, the Court found that federal question jurisdiction existed where the plaintiff brought a quiet title suit alleging that the title held by defendant, a subsequent owner of plaintiff's land, was invalid because the IRS had failed to properly notify plaintiff under federal law that it seized his property (Grable claimed that the relevant statute required personal service, not certified mail). The Court held that whether Grable had received adequate notice as defined by the statute was an essential element of his quiet title claim, that it was the only issue disputed in the case, that the government has a strong interest in federal taxes, and that allowing the case into federal court would not disrupt the balance between state and federal courts because "it will be the rare state title case that raises a contested mater of federal law." Id. at 315. MetLife argues that Grable is analogous to the present case, because "MetLife's decision in denying Plaintiff's claim was based on its interpretation of 5 U.S.C. § 8705(b)," and therefore "§ 8705(b) is an essential element in determining Plaintiff's claim for FEGLI benefits." Opp. at 7-8.

But Plaintiff's claim is not technically for FEGLI benefits– it is for breach of the covenant of good faith and fair dealing, of which MetLife does not argue that § 8705 is an essential element. In addition, the complaint simply asserts that MetLife "[u]nreasonably and without proper cause. . . failed and refused . . . to pay" the death benefits. See Not. of Removal Ex. A. at 13 of 28. Plaintiff's Reply adds that MetLife's failure to notify Plaintiff of her beneficiary status until after a year had passed "is precisely [the] conduct that constitutes the breach of the implied covenant of good faith and fair dealing that constitutes Plaintiff's state law tort action." Reply at 2-3. While Plaintiff's claim might well implicate §

8705, it does not <u>necessarily</u> raise a federal issue, and might instead turn on other conduct not addressed by the statute.

What is clear is that MetLife's defense– that Plaintiff's claim for death benefits was time-barred– will depend on § 8705. <u>See</u> Opp. at 6 ("pursuant to § 8705(b) of FEGLIA, Plaintiff's claim was barred"). But "a defendant may not remove a case to federal court unless the <u>plaintiff's</u> complaint establishes that the case 'arises under' federal law." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983). This is so even if a federal defense is anticipated in the complaint, "and even if both parties concede that the federal defense is the only question truly at issue." <u>See</u> <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1998).[2]

The federal issue here is not necessarily presented by the complaint; to the extent that it is, it is not both contested and substantial. It is not clear that Plaintiff would disagree with MetLife's interpretation of § 8705– specifically, that it includes a one year time-bar for claiming benefits. Plaintiff's objection is presumably that, notwithstanding § 8705's one year bar, MetLife's conduct was tortious based on a variety of facts. The Supreme Court explained in <u>Empire</u> that, unlike <u>Grable</u>, which was a "nearly 'pure issue of law'" that "would be controlling in numerous other cases," a case that is "fact-bound and situation-specific" did not "arise under" federal law for § 1331 purposes. <u>See</u> 547 U.S. at 700-01. Similarly, the Sixth Circuit explained in <u>Eastman v. Marine Mech. Corp.</u>, 438 F.3d 544, 552-53 (6th Cir. 2006) that where the meaning of a federal law was "not in serious dispute," the case did not present a substantial federal question. Here, the meaning of § 8705 does not appear to be in dispute; resolution of Plaintiff's case would involve interpreting Plaintiff's particular situation, not the statute.

Finally, as in <u>Empire</u>, 547 U.S. at 701, it is not clear "why a proper federal-state balance" would place this case in federal court. Though the federal government certainly has

---

[2] <u>Caterpillar</u> held that this also applied to the defense of preemption. <u>See id.</u> This does away with MetLife's argument that federal law preempts Plaintiff's claim. <u>See</u> Opp. at 8-9. Though there is an exception to this rule where federal law completely preempts the entire subject matter, complete preemption is very rare and MetLife does not even claim that it applies here.

4

an interest in seeing the orderly distribution of death benefits under FEGLIA, this case may differ from <u>Grable</u>, in which the Court found that it would be rare to see similar cases again in federal courts. <u>See</u> 545 U.S. at 315. Arguably, all disputes involving the payment of death benefits would implicate FEGLIA, and thus all of those cases, with their potentially small damage amounts and state law claims, would land in federal court. This is to be avoided, if possible.

## CONCLUSION

For the foregoing reasons, Plaintiff's case does not necessarily depend on the resolution of a substantial question of federal law. Therefore the Court GRANTS the motion to remand.

**IT IS SO ORDERED.**

Dated: February 16, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE